UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LEE CARTER,
          Plaintiff,                                          Case No. 11-15158

v.                                                            Honorable Patrick J. Duggan

SUBWAY STORE #6319, SUBWAY
STORE #41985, SUBWAY STORE
#45476, JET'S PIZZA, DOMINIQUE
LATRELL THOMAS, and JASMINE
LASHAWN JONES,
          Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 29, 2012.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
             U.S. DISTRICT COURT JUDGE

On October 31, 2011, Johnnie Lee Carter ("Plaintiff") filed this *pro se* action,

alleging that Defendants Dominique Latrell Thomas and Jasmine Lashawn Jones

presented false claims to the government in order to obtain food stamps.  Plaintiff also

named as defendants the above-listed Subway stores and a Jet's Pizza store,[1] alleging that

these stores conspired to pay employees "off the books," conspired to hire employees

without an "Employment Eligibility Verification," and failed to report wages or remit

employment taxes to the Internal Revenue Service.

_____

[1] The Subway stores are operated by Chios Enterprises, L.L.C., Davision & Mound Petro,
Inc., and Eastern Mini Mart, Inc. (collectively, "Subway Stores"), while the Jet's Pizza
store is operated by Yamarino, Inc. ("Jet's Pizza").

A number of motions have been filed with the Court, including: (1) a motion to dismiss, filed by Subway Stores and joined by Jet's Pizza; (2) Plaintiff's motion to remand the case to state court; (3) Subway Stores' motion to strike Plaintiff's notice of voluntary dismissal; (4) Plaintiff's motion to strike Subway Stores' response to his motion to remand; and (5) Plaintiff's motion to seal his Second Amended Complaint.  On February 28, 2012, the Court notified the parties that it was disposing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated below, the Court grants Subway Stores' motion to strike the notice of voluntary dismissal and its motion to dismiss.  The Court denies Plaintiff's motion to remand, his motion to strike the response, and his motion to seal the Second Amended Complaint.  The Court awards Subway Stores and Jet's Pizza the reasonable attorneys' fees and expenses incurred in defending this litigation.

## I. Background

Plaintiff filed this action in Wayne County Circuit Court.  Plaintiff's Complaint asserts claims under the "False Claims Act" and the "Whistleblower Protection Act" against all Defendants.  Thomas and Jones allegedly worked at the Subway Stores and Jet's Pizza.  Plaintiff alleges that they conspired to acquire food stamps to which they were not entitled.  Plaintiff alleges that Subway Stores and Jet's Pizza: (1) failed to withhold federal income taxes for employees; (2) employed persons who had not completed an "Employment Eligibility Verification" form, in violation of the Immigration Reform and Control Act of 1986; (3) failed to report employees' wages to the Internal Revenue Service; and (4) failed to withhold Social Security and Medicare taxes from employees'

wages and pay the employer's share of those taxes.

Chios Enterprises, L.L.C. was served with the Complaint, and removed the suit to this Court on November 22, 2011. Plaintiff filed an Amended Complaint on November 29, 2011. The Amended Complaint contained the same basic allegations as the original Complaint, but asserted claims only under the "False Claims Act." All references to the "Whistleblower Protection Act" had been removed. The following day, Subway Stores moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] In its motion, Subway Stores argues that Plaintiff's claims should be dismissed for failure to comply with the procedural requirements of the False Claims Act and failure to state a claim for relief under the same statute.

Plaintiff responded by once again amending his Complaint. On December 6, 2011, Plaintiff filed a Second Amended Complaint, raising essentially the same allegations under a provision of the Internal Revenue Code, 26 U.S.C. § 7623. Plaintiff also filed a motion to remand the case to state court. Plaintiff argued that there was no federal question at issue, and this Court therefore lacked jurisdiction over the matter.

Plaintiff served discovery requests, and Subway Stores moved for a protective order providing that it need not respond to these requests until the motion to dismiss had been adjudicated. Magistrate Judge Laurie J. Michelson granted this motion. Plaintiff then filed a notice of voluntary dismissal with respect to his claims against Subway Stores and

---

[2] Jet's Pizza subsequently joined in this motion.

Jet's Pizza.[3]  Subway Stores objected to voluntary dismissal, arguing that Plaintiff had not obtained the consent of the Attorney General, as is required to dismiss an action under the False Claims Act.

## II. Motion to Remand

Plaintiff has moved to remand this suit to state court, arguing that there is no federal question at issue.  Plaintiff also contends that removal was improper because fewer than all Defendants joined in removal, and because the notice of removal was not filed under seal.

Plaintiff's original Complaint asserted claims under the "False Claims Act."  While Plaintiff argues that he intended to raise a claim under state law, the only similarly titled statutes under Michigan law are the Medicaid False Claim Act, Michigan Compiled Laws § 400.601 *et seq.*, and the Health Care False Claim Act, Michigan Compiled Laws § 752.1001 *et seq.*, which prohibit certain claims in connection with medical benefits.  None of Plaintiff's allegations concern medical benefits; thus, if the Court were to construe Plaintiff's claims as being filed pursuant to either of these statutes, they would necessarily be dismissed for failure to allege facts entitling Plaintiff to relief.  The Court therefore construes Plaintiff's claim as one made pursuant to the False Claims Act, 31 U.S.C. § 3701 *et seq.*  The original Complaint also alleged that Subway Stores and Jet's Pizza violated the Immigration Reform and Control Act of 1986 and the Federal Insurance Contributions Act ("FICA").  As the Complaint alleged violations of federal law, removal to this Court

---

[3] It appears that at the time, Plaintiff had not yet served Thomas or Jones, because he requested a summons for those Defendants the same day.

4

was proper.[4]  *See* 28 U.S.C. § 1331.

Plaintiff asserts that fewer than all Defendants joined in removal, but this argument lacks merit.  "Unanimity of consent is a judicially created rule derived from the statutory language of 28 U.S.C. § 1446, which prescribes the proper procedure for removal."  *Milter v. Wright Med. Grp., Inc.*, No. 11-11353, 2011 U.S. Dist. LEXIS 105692, at *4 (E.D. Mich. Sep. 19, 2011) (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)).  "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999).  Defendant Subway Store #6319 filed its notice of removal before any proofs of service had been filed with the Court.  Furthermore, the other stores promptly consented to removal after they were served.  The Court concludes that removal was not procedurally defective.

Plaintiff is mistaken in arguing that removal was defective because the notice of removal was not filed under seal.  The only document in this case that was required to be filed under seal was the Complaint.  The False Claims Act specifies the process that must be followed by a plaintiff bringing a private action under the statute:

A copy of the complaint and written disclosure of substantially all material

---

[4] The Court also notes that the Amended Complaint and Second Amended Complaint filed by Plaintiff each allege violations of federal statute.  *See* Amended Complaint at 1, 4 (7 U.S.C. § 2024 and FICA); Second Amended Complaint at 1 (asserting claim under 26 U.S.C. § 7623 and referring to violation of 7 U.S.C. § 2024).

> evidence and information the person possesses shall be served on the
> Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.
> The complaint shall be filed in camera, shall remain under seal for at least 60
> days, and shall not be served on the defendant until the court so orders. The
> Government may elect to intervene and proceed with the action within 60 days
> after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2).  The Court is unaware of any authority requiring a defendant

seeking removal to file the notice of removal under seal.  Accordingly, the Court

concludes that Plaintiff's motion to remand must be denied.[5]

### III. Voluntary Dismissal

Plaintiff has filed notices of voluntary dismissal pursuant to Federal Rule of Civil

Procedure 41(a)(1) to dismiss without prejudice his claims against Subway Stores and

Jet's Pizza.  This Rule provides:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and *any applicable federal statute*,
> the plaintiff may dismiss an action without a court order by filing: (i) a notice
> of dismissal before the opposing party serves either an answer or a motion for
> summary judgment; or (ii) a stipulation of dismissal signed by all parties who
> have appeared.

Fed. R. Civ. P. 41(a)(1) (emphasis added).  Federal statute imposes a requirement that is

relevant here, as a private action brought under the False Claims Act may not be dismissed

without consent of the Attorney General:

> A person may bring a civil action for a violation of [31 U.S.C. § 3729] for the
> person and for the United States Government. The action shall be brought in
> the name of the Government.  The action may be dismissed only if the court

---

[5] Plaintiff has filed a motion in which he argues that Subway Stores' response to the
motion to remand must be stricken, as Subway Stores is not a party to the action.  This
motion plainly lacks merit, a Subway Stores is simply the collective designation used by
the individual Defendant Subway stores (#6319, #41985, and #45476) in their filings with
this Court.

and the Attorney General give written consent to the dismissal and their
reasons for consenting.

31 U.S.C. § 3730(b)(1). The Sixth Circuit has held that this provision applies to voluntary

dismissals. *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 344 (6th Cir. 2000)

("[T]he relator's obligation to receive the Attorney General's consent is a precondition that

must be satisfied before a voluntary dismissal motion is properly presented to the court.").

There is no indication whatsoever that Plaintiff attempted to obtain or actually received the

consent of the Attorney General to voluntarily dismiss his claims. The Court therefore

concludes that Plaintiff's notices of voluntary dismissal must be stricken.

### IV. Motion to Dismiss

Having determined that this action is properly before the Court, the Court next turns

to the motion to dismiss filed by Subway Stores and Jet's Pizza. This motion argues that

Plaintiff's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)

because: (1) Plaintiff failed to comply with the procedural requirements for bringing a

private action under the False Claims Act; and (2) Plaintiff's allegations fail to state a

valid claim for relief under the False Claims Act.

As noted above, the False Claims Act requires a private plaintiff bringing suit to first

serve on the government a copy of the complaint and substantially all material evidence

supporting his claim. 31 U.S.C. § 3730(b)(2); *United States v. LHC Grp., Inc.*, 623 F.3d

287, 291 (6th Cir. 2010). "In such *qui tam* actions . . . the complaint is not immediately

made available to the public or even to the defendant." *LHC Grp.*, 623 F.3d at 291.

Rather, the complaint must be filed *in camera*, must remain under seal for at least 60 days,

and cannot be served on the defendant until service is ordered by the court.  § 3730(b)(2).

"The Government may elect to intervene and proceed with the action within 60 days after

it receives both the complaint and the material evidence and information." *Id.*  Recovery

is completely precluded where the plaintiff fails to satisfy this requirement. *LHC Grp.*,

623 F.3d at 298.  There can be no dispute that Plaintiff failed to comply with the

requirement that he first provide the government with a copy of the Complaint and

evidence, and then file the Complaint under seal with the Court.  Plaintiff has attempted to

cure these failures after the fact by providing the government with his materials and filing

a motion to seal the Complaint, but this will not satisfy the requirements of the False

Claims Act.  Accordingly, Plaintiff cannot recover under the statute.

Even if Plaintiff had complied with the False Claims Act's procedural requirements,

his allegations fail to state a valid claim under the statute.  The False Claims Act "does not

apply to claims, records, or statements made under the Internal Revenue Code." 31 U.S.C.

§ 3729(d).  Plaintiff's claims relating to the alleged failure to withhold federal income

taxes, Social Security taxes, and Medicare taxes are barred by this provision.  The same is

true with respect to Plaintiff's claim that Subway Stores and Jet's Pizza failed to report

employees' wages to the Internal Revenue Service.

Plaintiff's only claim against Subway Stores and Jet's Pizza that is not tax-related is

that these stores conspired to hire employees who had not completed an "Employment

Eligibility Verification."  Such a claim is not cognizable under the False Claims Act,

which specifically lists the actions for which a defendant can be held liable.  Under the

Act, a person is liable who:

8

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

(E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

31 U.S.C. § 3929(a)(1).  Where it is not alleged that the defendant took one of the listed actions, there is no liability under the False Claims Act.  *See Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (not all violations of law, rules, or regulations give rise to an action under the False Claims Act).  There is no indication that the alleged failure to obtain "Employment Eligibility Verification" forms has any connection to a claim for money or property against the government.  Thus, even if Plaintiff's allegations were true, they would not state a valid claim.

Finally, to the extent that Plaintiff's Second Amended Complaint purports to assert a

claim pursuant to 26 U.S.C. § 7623, such a claim fails as a matter of law. This section of the Internal Revenue Code merely provides for awards to whistleblowers in the event that the Internal Revenue Service successfully pursues an action against a person who violates the tax laws. The Internal Revenue Service has not intervened in this suit; thus, Plaintiff cannot seek to obtain such a whistleblower award.

## V. Costs and Fees

Subway Stores and Jet's Pizza argue that they should be awarded their attorneys' fees and costs incurred in defending this litigation. They point to a fee-shifting provision of the False Claims Act, which provides:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). The United States Attorney's Office for the Eastern District of Michigan has indicated in a filing with the Court that it will not pursue Plaintiff's claims. *See* Dkt. #79-1.

The Court believes that an award of attorney's fees is appropriate here. Plaintiff's suit reflects an obvious animosity toward Defendants Thomas and Jones, with whom he admits he has had a close relationship since March 2011. Pl.'s Resp. Mot. Dismiss at 2. It is clear that Plaintiff filed suit with little investigation into the facts underlying his claims. It seems that his only evidence that Thomas and Jones worked at Subway and Jet's Pizza was based on review of their Facebook profile pages. Plaintiff apparently named Subway Store #6319 as a defendant based on the statement of a friend of Jones that Jones worked

10

at the Subway "downtown . . . beside Jet's." *Id.* at 3. Plaintiff asserts that he has never

visited this Subway location.[6] Defendants have informed Plaintiff several times that they

have not employed Thomas or Jones, and despite his lack of evidence to the contrary, he

has continued to pursue this litigation. Plaintiff contends that Thomas and Jones have

admitted to working at Subway and Jet's Pizza, but this is based solely on their failure to

respond to his requests for admissions. Such a claim appears particularly dubious in light

of the fact that neither of these Defendants has entered an appearance in this litigation.[7]

Defendants' counsel has pointed out the legal deficiencies of Plaintiff's claims and

has given him numerous opportunities to dismiss his action. Plaintiff has refused to do so

unless Defendants "reimburse him for his time and expenses" at a rate of $1,000 each.

Subway Mot. Dismiss Ex. 9 at 2. Plaintiff has indicated in other e-mail messages that he

will file additional actions and appeals if necessary. It is clear to the Court that Plaintiff is

not pursuing this litigation for the purpose of addressing fraud on the government; rather,

his behavior demonstrates a pattern of harassment. In light of this conduct, the frivolous

nature of his claims takes on added significance. The Court concludes that Plaintiff's

actions constitute bad faith, and therefore, Defendants should be awarded the reasonable

attorneys' fees and costs incurred in defending this action pursuant to § 3730(d)(4).

## VI. Conclusion

Accordingly,

---

[6] Subway Stores alleges that Plaintiff visited Store #6319, falsely claiming to be a detective, but Plaintiff denies this.

[7] It is also not clear that Plaintiff has ever served these Defendants.

**IT IS ORDERED** that Plaintiff's motion to remand is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Subway Stores' response to his motion to remand is **DENIED;**

**IT IS FURTHER ORDERED** that Subway Stores' motion to strike Plaintiff's notices of voluntary dismissal is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal his Second Amended Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Subway Stores and Jet's Pizza's motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**;

**IT IS FURTHER ORDERED** that Subway Stores and Jet's Pizza are awarded the reasonable attorneys' fees and costs incurred in defending this action.  Subway Stores and Jet's Pizza are directed to submit to the Court a detailed statement of expenses, including attorneys' fees, spent in defending this action.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Johnnie Lee Carter
Jonathan A. Young, Esq.
Maureen Rouse-Ayoub, Esq.
Joseph L. Langlois, Esq.