# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHNNIE LEE CARTER,

      Plaintiff,

v.

SUBWAY STORE #6319, SUBWAY STORE
#41985, SUBWAY STORE #45476, JET'S
PIZZA, DOMINIQUE LATRELL THOMAS,
and JASMINE LASHAWN JONES,

      Defendants.

Case No. 2:11-cv-15158

Hon. Patrick J. Duggan

Magistrate Judge Laurie J. Michelson

---

Johnnie Lee Carter
In Pro Per
12273 Moran Street,
Detroit, MI 48212
(972) 815-5376
Plaintiff

Jasmine Lashawn Jones
866 Marlborough
Detroit, MI 48212

Dominique Latrell Thomas
866 Marlborough
Detroit, MI 48212

BODMAN PLC
Maureen Rouse-Ayoub (P46301)
Jonathan A. Young (P73049)
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mrouse-ayoub@bodmanlaw.com
Attorney for Defendants Chios Enterprises,
L.L.C. (improperly captioned Subway Store
#6319), Davision & Mound Petro, Inc.
(improperly captioned Subway Store #41985),
and Eastern Mini Mart, Inc. (improperly
captioned Subway Store #45476) (collectively
"Subway Stores")

JAMESON & LANGLOIS, P.C.
Joseph L. Langlois (P43050)
11843 East Thirteen Mile Road
Warren, MI 48093
(586) 795-0787
langlois@jlpclaw.com
Attorney for Defendant Jet's Pizza (legally
known as Yamarino, Inc.)

---

## DEFENDANTS SUBWAY STORES' DETAILED STATEMENT OF EXPENSES, INCLUDING ATTORNEY FEES, SPENT IN DEFENDING THIS ACTION

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................ii

I.  FACTS ........................................................................................................1

II.  THE LEGAL FEES CHARGED IN THIS MATTER ARE REASONABLE ........................2

III. CONCLUSION ............................................................................................4

Troy_652183_1

## INDEX OF AUTHORITIES

**Cases**

***Automotive Support Group, LLC v Hightower***, 2012 Wl32733
   (E.D. Mich)(Slip Opinion 2012).................................................................................... 3
***Bosch v A.B.S. Power Brake, Inc.,*** 2011 WL 3758577, *2 (Slip Opinion 2011)..................... 2, 3

**Statutes**

31 U.S.C. 3730(d(4)..................................................................................................... 1

Troy_652183_1

NOW COME the Defendants Subway Stores[1], and for their Detailed Statement of Expenses, Including Attorney Fees, Spent In Defending This Action, submitted pursuant to this Court's Order dated February 29, 2012, state as follows:

## I. FACTS

Plaintiff filed a Complaint attempting to set forth claims under the False Claims Act on October 31, 2011.  Defendants Subway Stores were compelled to defend including, but not limited to research, preparation and filing of the following:

1.    Notice of Removal (Dkt. No. 1).

2.    Motion to Dismiss Subway Stores (Dkt. No. 7).

3.    Consent to Removal by Subway Stores 41985, 45476 (Dkt. No. 13).

4.    Motion for Protective Order (Dkt. No. 22).

5.    Motion to Strike Plaintiff's Notice of Voluntary Dismissal (Dkt. No. 59).

6.    Response to Plaintiff's Motion to Remand (Dkt. No. 60).

7.    Response to Plaintiff's Motion to Seal the Amended Complaint (Dkt. No. 73).

8.    Response to Plaintiff's Motion to Strike Subway Stores' Response to Motion to Remand (Dkt. No. 74) (Civil Docket attached EX 1).

In its February 29, 2012 Opinion and Order, the Court held that Plaintiff's claim was filed in bad faith for purposes of harassment and that Defendants are entitled to an award of reasonable attorney fees and cost incurred in defending this action pursuant to 31 U.S.C. 3730(d(4).  Attached as EX 2 are copies of the attorney's invoices for Subway Stores in this

---

[1]    Defendants Chios Enterprises, L.L.C. (improperly captioned Subway Store #6319), Davision & Mound Petro, Inc. (improperly captioned Subway Store #41985), and Eastern Mini Mart, Inc. (improperly captioned Subway Store #45476) are collectively referred to as "Subway Stores".

Troy_652183_1

matter and receipts for cost incurred[2].  Entries that include content subject to the attorney/client privilege has been redacted and Defendants Subway Stores have not sought reimbursement of the fees related to the redacted content.  Attorney fees sought by Subway are summarized as follows:

| Attorney | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Maureen Rouse-Ayoub | 72.24 | $300.00 | $21,672.00 |
| Jonathan Young | 5.00 | $190.00 | $950.00 |
| Nathan Dupes | 23.25 | $180.00 | $4,185.00 |
| **Total** | **100.49** | | **$26,807.00** |

EX 2.

## II.  THE LEGAL FEES CHARGED IN THIS MATTER ARE REASONABLE

The legal fees that Defendants Subway Stores seek are reasonable.  "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate".  *Bosch v A.B.S. Power Brake, Inc.,* 2011 WL 3758577, *2 (Slip Opinion 2011), *citing Gonter v Hunt Valve Co.* 510 F.3d 616 (CA6 2007) (EX 3)[3].

The Court may consider a number of other factors in determining whether to increase or decrease the fees sought:

> (1)  the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to

---

[2]    Defendants Subway Stores divided the fees pursuant to a joint representation agreement.  Due to confidentiality, the joint representation agreement is not attached as an exhibit.  If the Court would like to view the joint representation agreement, Defendants Subway Stores will make it available to the Court for in camera review.

[3]    Unpublished opinions are grouped together and attached as EX 3.

Troy_652183_1

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases

*Bosch*, *2-3.

As to professional standing and experience of the attorneys, all of the Defendants Subway Stores' attorneys are experienced labor and employment law practitioners. The lead attorney, Ms. Maureen Rouse-Ayoub ("Rouse-Ayoub") is a partner with Bodman PLC's Workplace Law Group with twenty (20) years of experience in labor and employment law (EX 4). Rouse-Ayoub's hourly rate was $300.00 in 2011 (EX 5). Jonathan Young is also a member of Bodman PLC's Workplace Law Group and its Commercial Litigation Group. Mr. Young has three (3) years of experience with a billable rate of $190.00 per hour. Associate Nathan Dupes provided assistance with research and briefing. Mr. Dupes' billable rate is $180.00 per hour consistent with his level of experience. Curriculum vitaes of Mr. Young and Mr. Dupes are attached hereto as EX 4. This court has previously held that the hourly rates sought herein are reasonable in the market and supported by the State Bar of Michigan's Billing Rate Report. ***Automotive Support Group, LLC v Hightower***, 2012 Wl32733 (E.D. Mich)(Slip Opinion 2012)(EX 3).

The reasonableness of the attorney fees sought is supported by the State Bar of Michigan's Economics of Law Practice Summary Report (EX 6). The rates charged by Bodman PLC are on par with the hourly fees charged by firms similar to Bodman PLC. The 2010 State Bar of Michigan's Economics of Law Practice Summary Report reported that firms, like Bodman PLC, with over 100 attorneys, reported a median rate of $300.00 per hour (EX 6). The

Troy_652183_1

rates of Mr. Young and Mr. Dupes are reasonable, and within the median range for attorneys at their level of experience.

As to the skill, time and labor involved, defense counsel's skill and experience is consistent with level of litigation skill and experience necessary to protect the interest of Subway Stores and to bring this litigation to a prompt and successful conclusion. Defendants Subway Stores further submit that the time involved and the requisite skill to perform the legal services properly, defense counsel's customary fee, and the result obtained all justify the requested attorney fees. The Court's Order also requested a detailed statement of expenses. Accordingly, Defendants Subway Stores also seek reimbursement for cost incurred remove the matter from state to federal court in the amount of $350.00 (EX 2) as taxable expense recoverable pursuant to the Court's Bill of Costs Handbook (EX 7, p. 2).

### III. CONCLUSION

Defendants Subway Stores submit that they are entitled to reimbursement of attorney fees in the amount of $26,807.00, and costs in the amount of $350.00.

> BODMAN PLC
>
> By: ___/s/Maureen Rouse-Ayoub_____
> Maureen Rouse-Ayoub (P46301)
> 201 W. Big Beaver Road, Suite 500
> Troy, MI  48084
> (248) 743-6000
> Attorney for Defendants Subway Stores
> mrouse-ayoub@bodmanlaw.com

Dated: March 14, 2012

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

langlois@jlpclaw.com
john.carter2010@live.com

I hereby certify that on March 14, 2012, I have mailed by United States Postal Service first class mail the foregoing paper, together with Notice of Electronic Filing, to the following non ECF users:

Jasmine Lashawn Jones
866 Marlborough
Detroit, MI 48212

Mr. Dominique Latrell Thomas
866 Marlborough
Detroit, MI 48212

BODMAN PLC

By:    /s/ Maureen Rouse-Ayoub
Maureen Rouse-Ayoub (P46301)
Jonathan A. Young (P73049)
201 W. Big Beaver Road, Suite 500
Troy, MI  48084
(248) 743-6000
Attorney for Defendants Subway Stores
mrouse-ayoub@bodmanlaw.com

Troy_652183_1