UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LEE CARTER,

    Plaintiff,

v.

Case No. 11-15158

Honorable Patrick J. Duggan

SUBWAY STORE #6319, SUBWAY
STORE #41985, SUBWAY STORE
#45476, JET'S PIZZA, DOMINIQUE
LATRELL THOMAS, and JASMINE
LASHAWN JONES,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 1, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Johnnie Lee Carter ("Plaintiff") filed this *pro se* action pursuant to the False Claims Act, 31 U.S.C. § 3701 *et seq.*, alleging that Defendants Dominique Latrell Thomas and Jasmine Lashawn Jones presented false claims to the government in order to obtain food stamps. Plaintiff also named as defendants the above-listed Subway stores and a Jet's Pizza store,[1] alleging that these stores conspired to pay employees "off the books,"

---

[1] The Subway stores are operated by Chios Enterprises, L.L.C., Davision & Mound Petro, Inc., and Eastern Mini Mart, Inc. (collectively, "Subway Stores"), while the Jet's Pizza store is operated by Yamarino, Inc. ("Jet's Pizza").

conspired to hire employees without an "Employment Eligibility Verification," and failed to report wages or remit employment taxes to the Internal Revenue Service.

Subway Stores and Jet's Pizza moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), and in an Opinion and Order dated February 29, 2012, the Court granted these Defendants' motions.[2] Subway Stores and Jet's Pizza also requested an award of their reasonable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(4). This statute provides:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). The Court noted that the United States Attorney's Office for the Eastern District of Michigan had declined to pursue Plaintiff's claims. The Court found that Plaintiff's claims were frivolous and brought for the purpose of harassment, rather than addressing fraud on the government. *See* 2/29/2012 Op. & Order at 10-11. The Court accordingly awarded Subway Stores and Jet's Pizza the reasonable attorneys' fees and expenses incurred in defending this suit. The Court directed these Defendants to submit a detailed statement of fees and expenses. Defendants filed their statements of expenses on March 14, 2012 and March 21, 2012, respectively. Subway Stores has requested an award of $26,807 in attorneys' fees and $350 in costs, while Jet's Pizza has

---

[2] The Court's order also addressed a number of other motions filed by Plaintiff, including a motion to remand this case to state court, a motion to strike Subway Stores' response to his motion to remand, and a motion to seal his Second Amended Complaint.

requested $4,000 for its attorney's fee.

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "A reasonable fee is 'one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Reed*, 179 F.3d at 471 (quoting *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548 (1984)) (alteration in original). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter*, 510 F.3d at 616 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939 (1983)). The Court may consider a number of other factors in determining whether an increase or decrease from the lodestar is warranted, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 434 n.9, 103 S. Ct. at 1940 n.9. The Court must provide a clear and concise explanation of its reasons for the fee award. *Gonter*, 510 F.3d at 616.

"A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum*, 465 U.S. at 895, 104 S. Ct. at 1547). "[T]he 'prevailing market rate' is that

3

rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)). The prevailing market rate should not exceed the amount necessary to cause competent legal counsel to perform the work required. *Gonter*, 510 F.3d at 616 (citing *Coulter v. Tennessee*, 805 F.2d 146, 148-49 (6th Cir. 1986)).

Subway Stores is represented by counsel from a large Detroit-based law firm. Its counsel has requested the following hourly rates: $300 for Maureen Rouse-Ayoub, a partner with approximately twenty years of experience in employment litigation; $190 for Jonathan Young, an associate with three years of experience in litigation; and $180 for Nathan Dupes, an associate with less than one year of experience in litigation. Subway Stores asserts that these rates are supported by the State Bar of Michigan's 2010 Economics of Law Practice summary report. *See* Subway Stores Br. Ex. 6. This report provides that for law firms with more than 50 attorneys, billing rates range from $215 (25th percentile) to $400 (75th percentile). *Id.* at 8. The report also provides ranges of $250 (25th percentile) to $350 (75th percentile) for partners and $153 (25th percentile) to $228 (75th percentile) for associates. *Id.* at 7-8. With respect to employment litigation (defendant), the State Bar report indicates a billing range of $200 (25th percentile) to $300 (75th percentile). This Court has previously found billing rates of up to $300 reasonable for experienced attorneys in the context of employment litigation. *See Auto. Support Grp., LLC v. Hightower*, 2012 WL 32733, at *3 (E.D. Mich. Jan. 6, 2012). These figures lead the Court to conclude that the billing rates for Attorneys Rouse-Ayoub, Young, and Dupes are reasonable for the Detroit market.

Jet's Pizza is represented by Joseph Langlois, an attorney with approximately 22 years of experience, including litigation in state and federal courts. He practices in a small law firm in the metro Detroit area, and requests a billing rate of $250 per hour. The State Bar report indicates a typical billing range of $175 (25th percentile) to $253 (75th percentile) for two-person law firms. Given Mr. Langlois's experience, the Court believes that a rate of $250 is not excessive for the type of work performed in this litigation.

The Court next considers the number of hours billed by the attorneys listed above. The total hours billed are as follows: Maureen Rouse-Ayoub, 72.24 hours; Jonathan Young, 5.00 hours; Nathan Dupes, 23.25 hours; and Joseph Langlois, 16.00 hours. The attorneys have each provided the Court with a detailed itemization of the hours billed.

The Court first notes that Plaintiff filed numerous pleadings and motions in this case, increasing the time required to adequately respond to his claims. The Court's review of the docket in this case indicates 55 separate entries attributable to Plaintiff during the six-week period beginning November 29, 2011. *See* Subway Stores Br. Ex. 1.

The Court has also considered the impact of joint representation in this case and the efforts of defense counsel to minimize redundant filings. The three Subway defendants obtained joint representation, and their counsel often coordinated with Mr. Langlois, who joined in motions and responses. Mr. Langlois has acknowledged that this coordination reduced the time required to represent Jet's Pizza in this litigation. The Court is satisfied that these factors minimized the number of hours necessary to adequately defend against Plaintiff's claims.

For these reasons, the Court concludes that the hours billed by counsel for Subway

Stores and Jet's Pizza are not excessive. The Court has also reviewed the itemization of attorney's fees, and believes that counsel reasonably assigned the less complex tasks in this litigation to less-experienced attorneys whose billing rates were correspondingly lower. This practice further supports the Court's conclusion the amount billed does not exceed that necessary to cause competent legal counsel to perform the work required. *See Gonter*, 510 F.3d at 616. Based on the hourly rates set forth above, the Court calculates a lodestar amount of $26,807 for Subway Stores and $4,000 for Jet's Pizza.

The Court has considered the factors that would warrant an increase or decrease from the lodestar, but finds that no adjustment is necessary in this case. Counsel obtained a prompt dismissal of Plaintiff's claims, and the Court believes that the award of attorneys' fees set forth above is reasonable compensation for their efforts.

Turning to the matter of costs, Subway Stores seeks to recover the $350 filing fee incurred in removing the suit to this Court. Such fees are recoverable pursuant to the Eastern District of Michigan's Bill of Costs Handbook. Subway Stores has submitted documentation indicating that this fee was paid on November 22, 2011. *See* Subway Stores Br. Ex. 2 at 20. The Court therefore awards Subway Stores costs in this amount.

Accordingly,

**IT IS ORDERED** that Defendant Subway Stores is awarded attorneys' fees and costs in the amount of $27,157;

**IT IS FURTHER ORDERED** that Defendant Jet's Pizza is awarded attorney's fees in the amount of $4,000.

**SO ORDERED**.

6

                    s/PATRICK J. DUGGAN
                    UNITED STATES DISTRICT JUDGE

Copies to:

Johnnie Lee Carter
12273 Moran Street
Detroit, MI 48212

Jonathan A. Young, Esq.
Maureen Rouse-Ayoub, Esq.
Joseph L. Langlois, Esq.